FILED
United States Court of Appeals
Tenth Circuit

February 27, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MOZELL PAUL GOUDEAU

　　　　　Petitioner – Appellant,

v.

JANET DOWLING, Warden

　　　　　Respondent – Appellee.

No. 14-6215
(D.C. No. 5:13-CV-00240-M)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Mozell Goudeau is a prisoner currently in the custody of the Oklahoma Department of Corrections. Goudeau was tried and convicted in state court on charges of Robbery with a Dangerous Weapon after Former Conviction of Two or More Felonies and received a life sentence. On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) affirmed Goudeau's conviction and sentence.

Goudeau then initiated this § 2254 action in the Western District of Oklahoma. A report and recommendation by the magistrate judge found no actionable deficiencies in the OCCA's treatment of the eight grounds for relief urged by Goudeau. Thus, the magistrate recommended denying habeas relief on all eight grounds. After reviewing de

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

novo the magistrate's report and recommendation, the district court adopted the magistrate's report in its entirety. Under the Antiterrorism and Effective Death Penalty Act of 1996, the district court also denied Goudeau a certificate of appealability (COA).

Goudeau's brief reiterates the same eight arguments he has previously raised in his direct appeal to the OCCA as well as in his motion before the district court. Stated succinctly, Goudeau's arguments are: (1) the admission of inadmissible hearsay denied him his right to a fair trial and to cross-examine witnesses against him; (2) Charles Mackey's in-court identification of him was unreliable as it was the product of a highly suggestive environment; (3) evidentiary harpoons deprived him of a fair trial; (4) the state's introduction of evidence of a suspended sentence on one of his previous convictions constituted plain error; (5) he was prejudiced by ineffective assistance of counsel; (6) prosecutorial misconduct constituted fundamental error and deprived him of a fair trial; (7) his life sentence is excessive; and (8) the cumulative effect of errors deprived him of a fair trial. For the reasons stated herein, we deny Goudeau's application for a certificate of appealability and dismiss Goudeau's appeal

## I. Factual Background

At Goudeau's trial, Charles Mackey testified about the robbery of his home in Chickasha, Oklahoma. Mackey stated that on July 24, 2009, an individual (whom Mackey later identified as Goudeau) put a hand over Mackey's mouth, placed a knife to his throat, and told him he would cut him if Mackey made any noise. The man then tied Mackey's hands in front of his body and took items from Mackey's desk. The man made

no effort to disguise his appearance, and Mackey testified he would never forget Goudeau's face. After Goudeau left the room, Mackey heard him take some additional possessions from the back bedroom where Mackey's son Charles had been staying. Goudeau then left through the front door.

Three additional witnesses offered critical testimony at Goudeau's trial. The first was Aurelia Chaney, who worked at the furniture store across from Mackey's home. She testified that she saw unusual activity at Mackey's house while she was taking a break outside. Specifically, she noticed a pickup truck parked outside the house with one person inside it. She then saw an individual leave Mackey's house with a laundry basket filled with items, place the basket in the bed of the truck, and climb into the truck bed. Once the individual was in the truck bed, the truck drove away.

The second critical witness was Harrison Hodge. Hodge testified that Goudeau came to his house a few days after the incident and bragged about robbing an "old man" and getting away with it. Hodge also testified that Goudeau told him he planned on next robbing an old woman who he believed had a safe in her residence.

The final important witness was police officer Jeremy Alexander. Alexander testified that on July 26, 2009, he found a truck matching the description of the truck parked in Mackey's driveway on the day of the robbery. The three individuals in the truck identified themselves as Shaun Daugherty, the truck's owner; his wife, Winter Daugherty; and a passenger named Keiston Price. When questioned about the robbery, Alexander testified that Price told him that a person named "Mo" and a person named "Ducky" had borrowed the truck for several hours on July 24. Because Shaun Daugherty did not have a

3

valid driver's license, he was arrested, the truck was impounded, and officers performed an inventory search. Among other items the officers found a piece of rope, the composition of which was consistent with the rope used to bind Mackey's hands together.

## II. The COA

A COA acts as a jurisdictional prerequisite to our consideration of a state prisoner's appeal from the denial of his habeas petition by the district court. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Until a COA is issued, we lack jurisdiction to rule on the merits of such an appeal. *Id.* at 336. To obtain a COA, a plaintiff must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Where, as here, a district court has rejected the constitutional claims on the merits, a plaintiff can only obtain a COA by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)).

Goudeau has not made an adequate showing here. His argument before us merely restates the eight issues he has previously raised both before the OCCA in his direct appeal and before the district court in his petition for a writ of habeas corpus. Both the OCCA and the magistrate judge thoroughly considered and disposed of these arguments. Having carefully reviewed Goudeau's brief, the record on appeal, the OCCA's decision, and the magistrate's report, we can find no issue that meets our standard for the grant of a certificate of appealability. While we therefore lack jurisdiction to reach the merits of this

4

appeal, we provide a brief review of the issues to illustrate our bases for denying Goudeau a COA.

### a. Inadmissible Hearsay

Goudeau's arguments concerning inadmissible hearsay form his principal contention before us. As noted above, Jeremy Alexander testified at Goudeau's trial regarding his conversation with Shaun Daugherty, Winter Daugherty, and Keiston Price. These statements were initially properly admitted for a nonhearsay purpose, but the trial court later improperly allowed the prosecution to misuse them by arguing that they proved Goudeau's possession of the truck on the day of the robbery. As Goudeau had no opportunity to cross-examine these witnesses, the OCCA found that the use of these extrajudicial statements as testimonial evidence violated Goudeau's right to confrontation under the Sixth Amendment. Given the strength of the state's case and the other witnesses against Goudeau, however, the OCCA found the improper admission of this testimony harmless beyond a reasonable doubt. The magistrate reviewed this finding de novo, properly considered whether the error had a "substantial injurious effect or influence in determining the jury's verdict," *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993), and reached the conclusion that it had no such effect.

Goudeau has provided no basis for a reasonable jurist to reach a contrary determination. Even absent the statements at issue, the government had a rock-solid eyewitness who intently observed Goudeau as he committed the crime and subsequently identified him as the perpetrator. The government also had another witness who testified that Goudeau admitted to committing a crime remarkably similar to the one at issue here.

5

We can perceive no reason why this issue would warrant further discussion before this court.

### b. *Mackey's In-court Identification*

As to Mackey's in-court identification of Goudeau, Goudeau has again provided no reason for us to question the identification or to believe that a reasonable jurist could vary from the OCCA's conclusion. Ordinarily, we consider whether a courtroom identification was tainted by a pre-trial confrontation by considering: (1) the prior opportunity of the witness to observe the defendant during the criminal act; (2) the degree of attention of the witness; (3) the accuracy of the witness's prior identification; (4) the witness's level of certainty; and (5) the time between the crime and the confrontation. *Manson v. Brathwaite*, 432 U.S. 98, 114–116 (1977). Goudeau does not seem to contest any of these five factors, instead simply making the conclusory assertion that Mackey's identification was tainted. Mackey had a more than adequate opportunity to see Goudeau while he committed the crime, and was absolutely certain in his identification of Goudeau as the perpetrator at trial. We can see no grounds for granting a COA on this claim.

### c. *Evidentiary Harpoons and Evidence of a Prior Suspended Sentence*

We also must deny Goudeau's claims for a COA based on evidentiary harpoons and admission of evidence of a prior suspended sentence. Both of these challenges are to state-court evidentiary rulings, and thus are based on state law. As a federal habeas court, we lack authority to review a state court's interpretation or application of its own state laws unless the rulings "rendered the trial so fundamentally unfair that a denial of constitutional rights [resulted]." *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002)

6

(internal quotation marks omitted). The OCCA did not believe that the pieces of testimony identified by Goudeau should be considered "evidentiary harpoons" under Oklahoma law, and Goudeau has not demonstrated how this ruling rendered his trial fundamentally unfair.

As to the admission of evidence of his prior suspended sentence, this evidence was presented at the sentencing phase of Goudeau's trial. Just as with evidentiary issues at trial, Goudeau must demonstrate to us that the admission of this evidence denied him a fundamentally fair sentencing procedure. *Hooks v. Workman*, 689 F.3d 1148, 1180 (10th Cir. 2012). While the OCCA determined that this evidence was improperly admitted, it found this error harmless. We can see no basis for a reasonable jurist to disagree. While evidence of this suspended sentence was improperly admitted at sentencing, evidence of two other felonies was unquestionably properly admitted. As Goudeau's sentencing range was based on "two or more felonies," it is impossible for him to claim the improper admission of this third felony rendered his sentencing fundamentally unfair.

### d. Ineffective Assistance of Counsel

Goudeau's claims of ineffective assistance of counsel also fail based on the OCCA's application of Oklahoma state law. Goudeau's entire basis for this claim is that his trial counsel should have objected at trial to the introduction of evidence that the OCCA determined was properly admitted under state law. As the evidence was properly admitted, no reasonable jurist could find deficient Goudeau's trial counsel's failure to object to its admission.

### e. Prosecutorial Misconduct

7

Goudeau believes his trial was infected with prosecutorial misconduct. Specifically, he contends that in his opening statement the prosecutor invoked sympathy for the victim by stating that the items stolen belonging to Mackey's son Charles included pain medication, and that Charles needed the medication because he had been injured serving in Afghanistan. Goudeau also suggests the prosecutor's closing statement invoked societal alarm by stating that people like Goudeau chose elderly victims because it made it easier to successfully complete the crime. While prosecutorial misconduct can warrant habeas relief, the standard for granting such relief is particularly high when the misconduct is not alleged to have denied the defendant the benefit of a specific provision of the Bill of Rights, or to have "so prejudiced a specific right . . . as to amount to a denial of that right." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). The prosecutor's comments here cannot be said to have done either, and do not even seem improper. This claim does not warrant the granting of a COA.

### f.  Life Sentence

Goudeau also contests the imposition of a life sentence for his crime. Goudeau's sentence was within the range set by state law, and ordinarily habeas review "ends once [the court] determine[s] the sentence is within the limitation set by statute." *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000). There is no reason why a review of Goudeau's sentence should proceed beyond this determination.

### g.  Cumulative Error

Goudeau's final contention is that the cumulative effect of trial errors deprived him of a fair trial. Cumulative error exists when the "cumulative effect of two or more individually harmless errors has the potential to prejudice the defendant to the same extent as a single reversible error." *Duckett v. Mullin*, 306 F.3d at 992 (quoting *United State v. Rivera*, 900 F.2d 1462, 1469 (10th Cir. 1990)). Goudeau here seeks to aggregate a harmless error of state law (the admission of his prior suspended sentence at sentencing) and a harmless error of constitutional law (the admission of testimonial hearsay). We agree with the magistrate that there is no way that these errors, even in the aggregate, denied Goudeau a fundamentally fair trial. A COA need not issue on these grounds.

## III.  Conclusion

For the reasons stated herein, we DENY Goudeau's application for a certificate of appealability and DISMISS Goudeau's appeal.

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge

9